**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Deborah B. Harwell, Respondent/Appellant,

v.

Robert Bryan Harwell, individually and as the Personal Representative of the Estate of David W. Harwell; and the South Carolina Department of Health and Environmental Control, Division of Vital Records, Defendants,

Of whom Robert Bryan Harwell, individually and as the Personal Representative of the Estate of David W. Harwell is the Respondent/Appellant,

v.

Law Office of Deidre W. Edmonds, P.A. and Deidre W. Edmonds, Individually, Appellants/Respondents.

Appellate Case No. 2017-002290

———————

Appeal From Florence County
Roger L. Couch, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-103
Submitted December 2, 2019 – Filed April 8, 2021
Withdrawn, Substituted and Refiled October 7, 2020
Withdrawn, Substituted and Refiled November 18, 2020

———————

M. Dawes Cooke, Jr. and Barbara J. Wagner, both of
Barnwell Whaley Patterson & Helms, LLC, of
Charleston, for Deidre W. Edmonds, Individually, and
the Law Office of Deidre W. Edmonds, P.A.

Kevin Mitchell Barth, of Barth, Ballenger & Lewis, LLP,
and Gena Phillips Ervin, of Orr & Ervin LLC, both of
Florence, for Robert Bryan Harwell, Individually and as
Personal Representative of the Estate of David W.
Harwell.

Deborah B. Harwell, pro se, of Mooresville, North
Carolina.

John Harleston, of Columbia, for South Carolina
Department of Health and Environmental Control,
Division of Vital Records.

**PER CURIAM:**  In this cross-appeal from the circuit court, the Law Office of
Deirdre Edmonds, P.A. and Deirdre Edmonds individually (collectively, Edmonds)
appeal the circuit court's orders issuing sanctions against her amounting to $5,000.
Robert B. Harwell (Harwell), individually and as the personal representative for
the estate of David W. Harwell (Decedent), also appeals the circuit court's orders,
seeking additional sanctions against Edmonds for her representation of Deborah B.
Harwell (Widow), the estranged wife of Decedent.  Widow additionally appeals
the aforementioned circuit court orders.[1]  We affirm in part and reverse in part.

---

[1] On November 1, 2017, Edmonds filed a notice of appeal with this court,
appealing the circuit court's order issuing sanctions against Edmonds and Widow
and the circuit court's order following the parties' Rule 59(e), SCRCP, motions.
On November 2, 2017, Harwell filed a notice of appeal with this court, appealing
the aforementioned circuit court orders, which was assigned a different appellate
case number from Edmonds's appeal.  On November 8, 2017, Widow filed a notice
of appeal with this court, cross-appealing the aforementioned circuit court orders
appealed by Harwell.  Desa Ballard filed Widow's notice of appeal but

**FACTS/PROCEDURAL HISTORY**

Decedent and Widow were married on November 21, 2001, having previously entered into a prenuptial agreement on November 19, 2001. In March 2015, Decedent filed a family court action seeking a decree of separate support and maintenance that enforced the parties' prenuptial agreement. After successful mediation efforts, the parties entered into a mediation agreement (the Mediation Agreement), which the family court adopted and incorporated into its final order (the Separation Decree) issued on July 21, 2015. Shortly thereafter, Decedent passed away on September 30, 2015.

On January 14, 2016, Widow filed a pro se action in the probate court in which she brought two creditor's claims against Decedent's estate, seeking (1) an elective share in the amount of $3.1 million pursuant to the prenuptial agreement (the Prenuptial Claim) and (2) reimbursement in the amount of $1,457.25 for obituary publication costs (the Obituary Claim) associated with two obituaries she filed for Decedent. Harwell, as personal representative of the estate, served a notice disallowing Widow's claims against the estate and subsequently initiated contempt proceedings in the family court, alleging Widow violated the Mediation Agreement.[2,3]

On March 1, 2016, Edmonds assumed representation of Widow for the pending matters in the probate court. On March 9, 2016, Edmonds filed a petition in the probate court seeking an adjudication of Widow as Decedent's surviving spouse and an amendment to Decedent's death certificate, which would list Widow as Decedent's surviving spouse.[4] Edmonds additionally filed petitions for allowance

---

simultaneously filed a motion to be relieved as counsel, which this court granted by order dated November 27, 2017. On February 7, 2018, this court granted a motion to consolidate the three appeals.

[2] S.C. Code Ann. § 62-3-806(a) (Supp. 2019) ("[W]ithin sixty days after the presentment of the claim, or within fourteen months after the death of the decedent, whichever is later, the personal representative must serve upon the claimant a notice stating the claim has been allowed or disallowed in whole or in part.").

[3] By order dated July 20, 2016, the family court found Widow in contempt and sentenced her to forty-five days' imprisonment. The family court additionally ordered Widow to pay $25,000 in attorney's fees. This contempt action is not the subject of this appeal.

[4] At that time, Decedent's death certificate indicated his marital status as "married but separated" and stated "NA" in the surviving spouse designation, which

of Widow's previous creditor's claims against the estate. On April 1, 2016, Harwell filed answers and counterclaims, seeking dismissal of Widow's petitions and sanctions against Widow and Edmonds pursuant to Rule 11, SCRCP, and the South Carolina Frivolous Civil Proceedings Sanctions Act (the Act).[5] On May 26, 2016, Widow filed another pro se probate petition seeking to collect her elective share from Decedent's estate.[6]

By order dated June 10, 2016, the probate court removed the pending probate petitions to the circuit court. On August 31, 2016, Widow filed a partial stipulation of dismissal, voluntarily dismissing all of her petitions against the estate except for her petition for adjudication as the surviving spouse and amendment of Decedent's death certificate. By order dated October 21, 2016, the circuit court adopted Widow's stipulations and dismissed the aforementioned petitions. Additionally, the court dismissed Widow's remaining petition against the estate as moot, stating "DHEC has now already amended the death certificate to reflect [Widow] as the surviving spouse for vital records purposes with Bryan Harwell's consent."

On February 2, 2017, the circuit court held a hearing on Harwell's remaining action for sanctions against Widow and Edmonds. On April 12, 2017, the circuit court issued an order (the Final Order) imposing sanctions against Widow and Edmonds. Specifically, the circuit court found the pro se creditor's claims filed by Widow against the estate were frivolous and without merit and consequently imposed sanctions pursuant to Rule 11 and the Act in the amount of $40,000. The circuit court further provided Widow's sanctions would be reduced by "any sums which she may have already paid pursuant to the [f]amily [c]ourt award of $25,000.00 in attorney's fees as provided in the [c]ontempt [o]rder." As to Edmonds, the circuit court imposed sanctions pursuant to Rule 11 and the Act in the amount of $5,000. Specifically, the court found Edmonds's filing of the Obituary Claim was frivolous and without merit. Regarding Widow's petition for declaration as the surviving

prevented Widow from receiving his retirement benefits from the General Assembly as provided in the Mediation Agreement. When Widow attempted to amend the death certificate with the Department of Health and Environmental Control (DHEC), DHEC informed her that only Harwell could request a correction to the certificate as he was the prior informant and if he was unwilling to do so, a court order would be required.

[5] S.C. Code Ann. §§ 15-36-10 to -100 (Supp. 2019).

[6] Widow additionally filed a pro se motion in the family court to set aside the Separation Decree, which incorporated the Mediation Agreement, pursuant to Rule 60(b), SCRCP, on May 26, 2016.

spouse and amendment of the death certificate, the circuit court found the relief sought was justified and the actions taken by Edmonds were necessary to obtain such relief. The court further found Edmonds's filing of the Prenuptial Claim, based upon the information provided to her by Widow, was reasonable and therefore not frivolous.

All parties filed motions to reconsider pursuant to Rule 59(e), SCRCP, and the circuit court held a hearing on the motions on July 19, 2017. By order dated September 27, 2017, the circuit court denied the parties' motions to reconsider. This appeal followed.

## STANDARD OF REVIEW

The determination of whether a court should impose sanctions pursuant to Rule 11, SCRCP, or the Act is a matter of equity. *Se. Site Prep, LLC v. Atl. Coast Builders & Contractors, LLC*, 394 S.C. 97, 104, 713 S.E.2d 650, 653 (Ct. App. 2011). "In an action in equity tried by the judge alone, the appellate court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence." *Id.* However, when the appellate court agrees with the circuit court's findings of fact, it reviews the circuit court's imposition of sanctions under an abuse of discretion standard. *Id.*; *see also Ex parte Gregory*, 378 S.C. 430, 437, 663 S.E.2d 46, 50 (2008). "Under the abuse of discretion standard, the imposition of sanctions will not be disturbed on appeal unless the decision is controlled by an error of law or is based on unsupported factual conclusions." *Se. Site Prep*, 394 S.C. at 104, 713 S.E.2d at 654.

## LAW/ANALYSIS

## I. Sanctions

Rule 11(a), SCRCP, provides:

> The written or electronic signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief there is good ground to support it; and that it is not interposed for delay.

Pursuant to Rule 11, a court may impose sanctions on a party or a party's attorney for filing a frivolous pleading, motion, or other paper. *Id.*; *see also Ex parte*

*Gregory*, 378 S.C. at 437, 663 S.E.2d at 50.  "The party and/or attorney may also be sanctioned for filing a pleading, motion, or other paper in bad faith whether or not there is good ground to support it."  *Ex parte Gregory*, 378 S.C. at 437, 663 S.E.2d at 50.  "The sanction may include an order to pay the reasonable costs and attorney fees incurred by the party or parties defending against the frivolous action or action brought in bad faith . . . ."  *Id.* at 437–38, 663 S.E.2d at 50.  "Further, if appropriate under the facts of the case, the court may order a party and/or the party's attorney to pay a reasonable monetary penalty to the party or parties defending against the frivolous action or action brought in bad faith."  *Id.* at 438, 663 S.E.2d at 50.  "While Rule 11 is evaluated by a subjective standard, the rule still may be violated with a filing that is so patently without merit that no reasonable attorney could have a good faith belief in its propriety."  *Ex parte Bon Secours-St. Francis Xavier Hosp., Inc.*, 393 S.C. 590, 598, 713 S.E.2d 624, 628 (2011) (footnote omitted).

Additionally, "[t]he South Carolina Frivolous Civil Proceedings Sanction[s] Act provides for liability for attorney fees and costs of frivolous suits."  *Ex parte Gregory*, 378 S.C. at 438, 663 S.E.2d at 50.  Subsection 15-36-10(A)(4)(a) of the South Carolina Code provides:

> An attorney or pro se litigant participating in a civil or administrative action or defense may be sanctioned for: . . . filing a frivolous pleading, motion, or document if: . . . a reasonable attorney in the same circumstances would believe that under the facts, his claim or defense was clearly not warranted under existing law . . . a reasonable attorney presented with the same circumstances would believe that the procurement, initiation, continuation, or defense of a civil cause was intended merely to harass or injure the other party; or . . . a reasonable attorney presented with the same circumstances would believe the pleading, motion, or document is frivolous, interposed for merely delay, or merely brought for any purpose other than securing proper discovery, joinder of parties, or adjudication of the claim or defense upon which the proceedings are based . . . .

Subsection 15-36-10(A)(4)(b) further provides an attorney or pro se litigant may be sanctioned for "making frivolous arguments a reasonable attorney would believe

were not reasonably supported by the facts." Pursuant to subsection 15-36-10(B)(2), if "an attorney or pro se litigant has violated subsection (A)(4), the court, upon its own motion or motion of a party, may impose upon the person in violation any sanction which the court considers just, equitable, and proper under the circumstances."

Based upon our review of the record, we agree with the circuit court's findings of fact. Thus, we review the court's imposition of sanctions for an abuse of discretion and address the parties' various contentions in turn. *See Se. Site Prep*, 394 S.C. at 104, 713 S.E.2d at 654 (providing that when the appellate court agrees with the circuit court's findings of fact, it reviews the circuit court's imposition of sanctions under an abuse of discretion standard).

### A. Harwell's Appeal

Harwell argues the circuit court erred in failing to sanction Edmonds for (1) asserting he committed a felony in her filing of the claim seeking a declaration of Widow as Decedent's surviving spouse and amendment of Decedent's death certificate and (2) filing the petition for allowance of the Prenuptial Claim, which the Mediation Agreement barred. Harwell additionally contends the circuit court erred in offsetting the sanctions issued against Widow with prior contempt sanctions issued against her by the family court. We disagree.

Prior to Widow's claim seeking adjudication as Decedent's surviving spouse and amendment of Decedent's death certificate, Decedent's death certificate indicated his marital status as "married but separated" and stated "NA" in the surviving spouse designation, which prevented Widow from receiving his retirement benefits from the General Assembly, as provided in the Mediation Agreement, as well as death benefits. When Widow attempted to amend the death certificate with DHEC, it informed her that only Harwell could request a correction to the certificate as he was the prior informant and if he was unwilling to do so, a court order would be required. On March 9, 2016, Edmonds filed a petition in the probate court seeking an adjudication of Widow as Decedent's surviving spouse and an amendment to Decedent's death certificate, which would list Widow as Decedent's surviving spouse. In her filing, Edmonds asserted Harwell willfully and knowingly supplied false information to DHEC in violation of section 44-63-161(A)(2), which was a felony under section 44-63-161(B).[7]

---

[7] S.C. Code Ann. § 44-63-161(A)(2) (2018) ("It is unlawful for a person: . . . to wilfully make a false statement in a certificate, record, or report required to be filed

In its Final Order, the circuit court found sanctions were not warranted regarding Widow's claim, stating:

> I find that the relief sought in that action was justified and that the action was necessary. While it is clear that some of the allegations contained in that petition concerning the alleged actions of the personal representati[ve] were false and ultimately found to be without justification, it is my finding that these allegations were the result of what appears to be an almost paranoid belief on the part of the parties to these actions concerning the evaluation of the motives of the other side. . . . This is an equitable matter and I must consider th[e] possibility that [] Harwell could have taken steps to resolve the problem early in the life of this [d]eath [c]ertificate issue to resolve the matter, . . . but instead used this issue as a bargaining chip to seek withdrawal of the other unrelated claims. At any rate, the claim was necessary since the [d]eath [c]ertificate was incorrect in the manner in which it did not reflect the existence of a surviving spouse. It is my finding that Ms. Edm[o]nds['s] preparation of this pleading was based on information provided to her by DHEC and [Widow]. While some of her allegation[s] were not later proven to be true and perhaps overzealous when made, it did result in obtaining the relief her client needed in that situation.

We agree with the circuit court's assessment of the situation at hand. Although we acknowledge Edmonds made assertions in the filing that were unnecessary to obtain the relief sought, we find the circuit court properly found *the overall purpose* of the claim was not frivolous, and therefore, sanctions were not

---

by this chapter or a regulation, or in an application for an amendment to or for a certified copy of the certificate, record, or report, or to wilfully supply false information intending that the information be used in the preparation or amendment of the certificate, record, or report."); S.C. Code Ann. § 44-63-161(B) (2018) ("A person who violates a provision of item (1), (2), (3), or (4) of subsection (A) is guilty of a felony and, upon conviction, must be fined not more than ten thousand dollars or imprisoned not more than five years, or both.").

warranted pursuant to Rule 11 and the Act for "continuing" the claim.  *See* § 15-36-10(A)(4)(a)(iii) (providing that an attorney may be sanctioned for filing a frivolous pleading, motion, or document if "a reasonable attorney presented with the same circumstances would believe that the procurement, initiation, *continuation*, or defense of a civil cause was intended merely to harass or injure the other party" (emphasis added)); *Se. Site Prep*, 394 S.C. at 104, 713 S.E.2d at 654 ("Under the abuse of discretion standard, the imposition of sanctions will not be disturbed on appeal unless the decision is controlled by an error of law or is based on unsupported factual conclusions.").

As to Harwell's contention that the circuit court erred in failing to sanction Edmonds for filing the petition for allowance of the Prenuptial Claim, we agree with the court's assessment that sanctions were not warranted.

The Mediation Agreement entered into between the parties and incorporated into the Separation Decree contained the following provision: "Both parties *waive any and all rights* they may have in the estate of the other or *to make any claim upon or against the estate of the other*.  Each party shall be bound by the terms of this agreement." (emphases added).

Prior to assuming representation of Widow, Edmonds met with Widow to discuss the notice of disallowance she received from the estate and other potential claims she might have.  During this meeting, Widow informed Edmonds that she believed Decedent withheld information regarding the extent of his assets when they entered the Mediation Agreement and she intended to challenge the Separation Decree. Edmonds advised Widow she would need to file a motion to set aside the order in family court; Edmonds further advised Widow to obtain other counsel for that action because she was not a family court practitioner and would only represent her regarding her probate claims.  Based upon her experience and knowledge as a long term probate practitioner and former probate judge, Edmonds determined Widow would need to file a petition for allowance of the Prenuptial Claim so that if Widow succeeded in the family court, she would not be foreclosed from making resulting claims against the estate in probate court.  *See* § 62-3-806(a) ("Every claim which is disallowed in whole or in part by the personal representative *is barred* so far as not allowed *unless the claimant commences a proceeding for allowance of the claim* in accordance with Section 62-3-804(2) *not later than thirty days after the mailing or other service* of the notice of disallowance or partial disallowance by the personal representative." (emphases added)).  Having determined the petition for allowance could be filed no later than March 12, 2016, Edmonds filed a petition on March 9, 2016.  In support of her motions in

opposition of sanctions, Edmonds submitted expert affidavits from Burnele Powell and Mitchell Payne, who both opined Edmonds's filing of the petition for allowance of the Prenuptial Claim was reasonable and not a violation of the provisions of Rule 11 or the Act.

Based on the foregoing, we find the circuit court did not abuse its discretion in declining to impose sanctions against Edmonds for filing the Prenuptial Claim. *See* § 15-36-10(B)(2) (providing a court may upon its own motion or motion of a party impose sanctions against an attorney for violations of subsection (A)(4)); § 15-36-10(A)(4)(a)(iii) (providing that an attorney may be sanctioned for filing a frivolous pleading, motion, or document if "a reasonable attorney presented with the same circumstances would believe that the procurement, initiation, continuation, or defense of a civil cause was intended merely to harass or injure the other party"); Rule 11(a), SCRCP (providing that a court may impose sanctions on a party or a party's attorney for filing a frivolous pleading, motion, or other paper). We agree with the circuit court and the expert affidavits that based upon the information provided to her by Widow and the timeframe at hand, Edmonds's actions were reasonable and in the best interest of her client. Although Harwell contends Edmonds was required to investigate the merits of the claim prior to filing the petition for allowance, we find Edmonds was entitled to rely on the information provided to her by Widow. *See Ex parte Gregory*, 378 S.C. at 439 n.3, 663 S.E.2d at 51 n.3 ("Our conclusion that an attorney must conduct a reasonable investigation *beyond what is related to the attorney by his client* is *limited* to the situation whe[n] a client is alleging conversion against his or her former attorney for misappropriation of client funds or legal malpractice." (emphases added)). Furthermore, we note the merit of the Prenuptial Claim was contingent upon the success of Widow's motion pursuant to Rule 60(b), SCRCP,[8] in the family court, which Edmonds could not have known during the timeframe she had for filing a petition for allowance. Accordingly, we hold the circuit court properly found Edmonds's filing of the petition for allowance was not frivolous.

Finally, Harwell contends the circuit court erred in offsetting the sanctions issued against Widow with prior sanctions issued against her by the family court for contemptuous conduct. In the Final Order, the circuit court imposed sanctions against Widow in the amount of $40,000, but the court specified Widow's

---

[8] Rule 60(b)(3), SCRCP ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . fraud, misrepresentation, or other misconduct of an adverse party . . . .").

sanctions would be reduced by "any sums which she may have already paid pursuant to the [f]amily [c]ourt award of $25,000.00 in attorney's fees as provided in the [c]ontempt [o]rder." In its order denying the parties' motions for reconsideration, the court explained it ordered this particular remedy as an equitable protection for Widow in an effort to prevent punishing her twice for her actions surrounding the pro se creditor's claims against the estate, since these claims had previously been the subject of Harwell's contempt action against her. Although a unique stipulation, we find the sanction fashioned by the circuit court was within the scope of its authority. *See* § 15-36-10(B)(2) (providing that if "an attorney or pro se litigant has violated subsection (A)(4), the court, upon its own motion or motion of a party, may impose upon the person in violation *any sanction which the court considers just, equitable, and proper under the circumstances*" (emphasis added)); Rule 11(a), SCRCP ("If a pleading, motion, or other paper is signed in violation of this Rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, *an appropriate sanction . . . .*" (emphasis added)). Accordingly, we hold the circuit court did not err in offsetting Widow's sanctions issued pursuant to Rule 11 and the Act with the prior sanctions imposed by the family court.

### B. Edmonds's Appeal

Edmonds argues the circuit court erred in sanctioning her under Rule 11 and the Act for filing the petition for allowance of Widow's Obituary Claim against the estate. Specifically, Edmonds contends the court improvidently issued the sanctions because (1) a determination on the merits of the Obituary Claim was never made as required under the Act and (2) Harwell failed to present evidence establishing the Obituary Claim was frivolously asserted. We agree in part.

Following Decedent's death, the estate published an obituary. Displeased with this obituary because it failed to name her as Decedent's surviving spouse, Widow, without authorization from the estate, published two more obituaries, which named her as Decedent's widow.[9] Widow thereafter filed a pro se creditor's claim against the estate seeking reimbursement in the amount of $1,457.25 for the publication costs of the obituaries. After Widow received Harwell's notice of disallowance on behalf of the estate, Edmonds filed a petition for allowance of the claim on Widow's behalf.

---

[9] Widow published obituaries in The Sun News and The State newspapers.

We find unpersuasive Edmonds's initial contention that the circuit court erred in imposing sanctions against her because a merits determination was never made on the Obituary Claim. Although subsection 15-36-10(C)(1) delineates at what procedural stage a court will determine if a claim or defense is considered frivolous upon a motion of the prevailing party, we find this subsection does not prescribe a court's sole method for imposing sanctions for filing or advancing frivolous claims. Subsection (B)(2) provides a court may "upon its own motion or motion of a party" impose sanctions upon an attorney or pro se litigant for violations of subsection (A)(4). Furthermore, the circuit court additionally found sanctions were warranted pursuant to Rule 11, which contains no such procedural prerequisite. *See* Rule 11(a), SCRCP ("If a pleading, motion, or other paper is signed in violation of this Rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction . . . .").

However, we agree the circuit court abused its discretion in sanctioning Edmonds for filing the petition for allowance of the Obituary Claim as the record is devoid of evidence showing Edmonds filed the petition for any other reason than to preserve Widow's claim for judicial review. *See* § 62-3-806(a) ("Every claim which is disallowed in whole or in part by the personal representative *is barred* so far as not allowed *unless the claimant commences a proceeding for allowance of the claim* in accordance with Section 62-3-804(2) not later than thirty days after the mailing or other service of the notice of disallowance or partial disallowance by the personal representative." (emphases added)). Accordingly, we find Edmonds's intent in filing the petition was not malicious or for any improper purpose. *See Ex parte Bon Secours-St. Francis Xavier Hosp., Inc.*, 393 S.C. at 598, 713 S.E.2d at 628 (providing that Rule 11 is evaluated by a subjective standard). Thus, we reverse the circuit court's sanction of Edmonds regarding the Obituary Claim.[10] *See Se. Site Prep*, 394 S.C. at 104, 713 S.E.2d at 654 ("Under the abuse of discretion standard, the imposition of sanctions will not be disturbed on appeal unless the decision is controlled by an error of law or is based on unsupported factual conclusions.").

---

[10] Edmonds additionally argues the sanction imposed by the circuit court was excessive. Because we reverse the circuit court's imposition of the sanction, we need not address this issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

## II.     Expert Testimony

Widow asserts the circuit court erred in failing to admit the expert testimony of Burnele Powell.[11]  We find this issue is without merit as Edmonds submitted Powell's affidavit as an exhibit to her motion opposing sanctions, and the circuit court indicated on the record that it received and reviewed the affidavit.  Further, the court referenced its consideration of the submitted affidavits in its order denying the parties' motions to reconsider.

## CONCLUSION

Based on the foregoing, the circuit court's orders are

## AFFIRMED IN PART AND REVERSED IN PART.[12]

## WILLIAMS, KONDUROS, and MCDONALD, JJ., concur.

---

[11] In her appellant's brief, Widow raised five issues on appeal; however, the first four issues solely pertain to criminal contempt sanctions Widow received following a contempt proceeding in the family court.  Widow did not appeal the family court contempt order in this appeal.  Accordingly, this court is confined to considering only the fifth issue.

[12] We decide this case without oral argument pursuant to Rule 215, SCACR.